---

No. 251
ALDRICH v. McCUNE
Ohio Appeals, 4th Dist., Franklin County
No. 1122. Decided Nov. 15, 1923
465. ERROR—A defect in parties in error proceeding may be cured at any time.
1235. VERDICT—Where a jury is waived judgment of court has same effect as verdict, and cannot be reversed unless contrary to evidence.

ALLREAD, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

McCune brought an action against one Aldrich and one Hill as joint contractors. A judgment was rendered against both defendants. Aldrich prosecuted error, but Hill was not made a party to the error proceedings. A demurrer was sustained to the second and third defenses of the answer of Aldrich. The plaintiff in error claimed that the trial court erred in this respect and, also that the judgment was against the weight of evidence. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Although one of the joint defendants was not made a party in the error proceeding, this defect could still be cured, and therefore the error proceeding should be heard on its merits.

2. The trial court committed no error in sustaining the demurrer.

3. As a jury was waived the judgment of the trial court had the same force and effect as a verdict, and a reviewing court is not authorized to reverse the same, unless such judgment is manifestly contrary to the weight of the evidence, which does not appear in this case.

Attorneys—W. H. Aldrich and Frank Pigmias, for Aldrich; Wilbur E. Benoy, for McCune, all of Columbus.

No. 252
BRISLEN v. HUNTLEY et al
Ohio Appeals, 4th Dist., Montgomery County
No. 560. Decided Feb. 18, 1924
480. EVIDENCE—Declarations of decedent, reinforced by the deliberate recital in deed that plaintiff was her daughter, held sufficient to raise inference of heirship.
389. DESCENT AND DISTRIBUTION— As evidence of relationship to decedent was disavowed by heir after release was signed by him, her release of interest in descended estate was held no bar to share in property.

ALLREAD, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to partition certain land in Dayton. Brislen claimed one-half of the property in question by descent from Emily McGhee. Huntley claimed that plaintiff had no interest in the porperty and also set up by way of defense a settlement by the plaintiff with the administrator of Emily McGhee and a release by her of her interest in the estate. In her answer the defendant also asked that her title be quieted. The evidence disclosed that Edna Huntley was an adopted daughter of the deceased, Emily McGhee, the latter being a saloonkeeper during most of her life. There was no direct evidence that the plaintiff was a daughter of Emily McGhee except the declarations of the deceased herself that Margaret Brislen was her daughter, which declarations were reinforced by a most deliberate recital in a deed of conveyance. There was some evidence indicating that Margaret Brislen was not a daughter of the deceased. The release was signed by Margaret Brislen before the conveyance containing a recital that she was a daughter of the deceased had been found. As an appeal was taken from the Common Pleas Court of Montgomery, the Court of Appeals, in rendering a decree for plaintiff, held:

1. In the nature of circumstances surrounding Emily McGhee it was impossible to secure direct evidence as to the relationship of Margaret Brislen to her; consequently the declarations of the deceased were most reliable and the best evidence obtainable, and as these declarations showed that Margaret Brislen was the daughter of the deceased, she was entitled to one-half interest in the real estate in question.

2. As the principal evidence of relationship was disclosed after the release was signed, the release would not operate as a conveyance nor as a bar to plaintiff's right to a further interest in the property in question.

Decree of partition granted.

Attorneys—W. S. Rotehamel and I. L. Jacobson, for Brislen; George F. Holland, for Huntley et al.